HITCH *vs.* LAMBRIGHT, Justice of the Peace.

1. If .a note be placed in the hands of a justice for suit and collection, it would be error to dismiss the action merely because the plaintiff did not appear. With the note in his possession, he should proceed to trial and produce the same as evidence, subject to such defenses as defendant might present.

2. Where the magistrate erroneously dismisses the action for the nonappearance of the plaintiff, whether he would be liable to rule would depend upon the good faith with which he acted. He would not be subject to rule for an error in judgment, but only for malfeasance.

Rule. Justice of the Peace. Judge. Officer. Before Judge MERSHON. Glynn Superior Court. May Term, 1880.

Reported in the opinion.

S. W. HITCH, by Z. D. HARRISON, for plaintiff in error.

GOODYEAR & HARRIS; MABRY & CROVATT; SYMMES & ATKINSON, for defendant.

SPEER, Justice.

Hitch brought his rule in Glynn superior court, against defendant as a justice of the peace, alleging that on the 10th day of May, 1879, he placed in the hands of defendant, as a justice of the peace, a note for suit and collection, on which there was a balance of $49.00 due; that the maker was solvent, and that defendant in error had failed and refused to collect said note. He prayed for an order requiring defendant in error to pay to him the amount of the unpaid balance.

Defendant answered the rule, admitting the allegations therein, and saying, that as soon as said note was placed in his hands, it was sued to the next succeeding term of

the court in which respondent presided ; that when the trial came on said case was sounded on the docket—there was no response for plaintiff, whereupon counsel for defendant moved to dismiss the case for want of prosecution at the cost of plaintiff, which motion was granted ; that he received said note for the purpose of suing the same, and not as a collector or agent.

Plaintiff then introduced a receipt signed by defendant given for the note, as a justice of the peace, for suit and collection, and closed upon the rule, answer and evidence submitted ; the court discharged the rule, and plaintiff excepted.

It is the duty of magistrates to receive for suit and collection all notes and accounts within their districts when tendered, and to give receipts for the same. Code, §4147. It is also made their duty to have parties' served by summons, and to proceed to the trial of such causes at the proper term of the court. If a note thus placed in the hands of the magistrate is sued and the defendant appears, we think it would be error in the magistrate to dismiss such suit *merely because the plaintiff did not appear*, with the evidence of indebtedness under his control and in his possession. He should proceed to the trial of said cause, and produce the same as evidence, subject to such defenses as the defendant might present against the recovery of a judgment thereon.

We, therefore, are of opinion the court erred in discharging the rule upon the evidence submitted. Whether the defendant in this case would be liable to judgment on this rule would depend upon the fact whether he was acting *bona fide* as a magistrate in dismissing said cause or whether he was acting in collusion with defendant, or his counsel. In the former case it would be an error of judgment, acting judicially, for which he is excusable ; in the latter, it would be such malfeasance of duty as would render him liable for the debt.

Let the judgment of the court below be reversed.